The final argument scheduled to be heard this morning is No. 21-1448, Bruzzese v. Garland. Good morning. May it please the court. Good morning. I'm Adam Bruzzese, the appellant representing myself pro se. When the circuit court dismissed my previous EEO claim, because I am fit for duty, the court affirmed that my 2009 reassignment must be reversed because it is in violation of due process. Here's how. I was a tenured 1811 special agent. My 1811 occupation and my law enforcement retirement benefits are indeed my property. There are only three ways that that property can be lawfully removed, by misconduct, poor performance, or unfitness for duty. The court eliminated unfitness as the possible reason. And all of my performance evaluations are rated fully successful to outstanding. This leaves only misconduct. Misconduct requires notice of charges, an explanation of supporting evidence, and a reasonable opportunity to respond. Now, my written brief clearly demonstrates, and appellee does not dispute, that the June 4, 2009 reassignment memo contains no notice of charges, no explanation of evidence, and the reassignment took place, was effective in only three days, which is legally deficient. These are substantive due process rights, and failure to take any of these steps result in the action being reversed. I was also deprived of my right to confrontation, to challenge allegations made against me, and to present to self-defense. The allegations made by the previous supervisor, Eric Imusberger, were never investigated by ATF, and they were never substantiated. They were only repeated in a circle, from ATF management through to the fitness evaluators, and then back to ATF management. During the fitness evaluation, Imusberger made additional ex parte allegations to the fitness evaluators, after I had spoken to them, clearly giving me no ability to even confront those allegations they made after I had spoken to the doctors. ATF management never meets the legal requirement in 5 U.S. Code 7701C1B, to prove by preponderance of evidence that misconduct actually occurred. They just continue to repeat the same unsubstantiated allegations. Special agent in charge at the time, Ron Turk, stated he relied on a totality of behaviors, and the fitness evaluation report. Neither of these are mentioned in the reassignment memo, and they're both legally insufficient. Mr. Precisi, can I ask a question? Yes, ma'am. So, we've heard an appeal that you filed before. Yes. Right? And the original, usually the rule is that once judgment has been entered, there are only limited grounds, like newly discovered evidence, that can authorize the court to reopen the case, basically. And the court here decided there wasn't any ground like that for reopening the judgment, all the proceedings that were done. And finality is an important principle here in the courts, as you know. And so I wondered, is there any newly discovered evidence? What I'm hearing you say is this is an argument that maybe you could have made, but you didn't make before, and so the court never considered it. Is that right? No, not altogether correct, Your Honor. Okay. Respectfully. Straighten me out. All of what's the due process angle that's included here was incorporated in the pretext prong of the EEO claim. In the court's opinion, when I couldn't clear the first hurdle because I'm fit for duty, then they stated specifically that they did not consider any of the other elements, including the pretext prong. Now, had the court gone through and considered each one, they would have seen all of this. Now, I have no way of knowing. Also, the Leslie Kirby MSPB says that choosing a route that cannot provide a remedy does not preclude the ability to seek a new route which can. Now, there's no way for me to know in 2009 that in 2018, the court would say your fitness for duty is what eliminates your EEO claim. And as the court stated, I was damned if I do and damned if I don't. Whereas fitness and unfitness, either one would eliminate the ability to be heard as an EEO. So that does not preclude me, in my opinion, and in my claim, that does not preclude me from being heard as a due process claim. All right, thank you very much. I will hear from the government. Good morning, your honors. May it please the court. I'm Assistant U.S. Attorney David Cooper, and I represent the defendant, the Attorney General of the United States, in this action. The plaintiff seeks relief from the judgment that was affirmed by the district court and this court, and has shown no basis for denial of his motion for relief. He failed to timely grieve the reassignment process despite receiving adequate notice and the facts underlying his appeal were previously considered. As noted, finality is an important concept in the judicial system. There is nothing new presented in the arguments that Mr. Brzezinski has presented before this court. For these reasons, the court should affirm the district court's denial of the motion for relief from the judgment. Unless the court has any questions, the government rests on its moving papers. I think I understood Mr. Brzezinski just now to suggest that he couldn't have raised his claim about his fitness any earlier. Do you want to respond to that? Your Honor, just briefly, the facts that he addressed in favor of his fitness were considered by the court previously. It doesn't strike me as consistent with the prior proceedings that he couldn't have raised it when they were in fact considered by the district court and also before this court previously. So you're saying they were already part of the original judgment they were considered there? Correct, Your Honor. All right, thank you. Thank you very much. Thank you. Mr. Brzezinski, you have a minute for rebuttal. Thank you. If this is allowed to stand as is, then my property has been taken from me by the government without notice, opportunity to respond, ability to challenge allegations against me. The allegations have been proven false in the record. That record was developed in the EEO claim, should have been ATF's investigation that they had done per their own policy back in 2008 when the allegations were made. This is, I can't describe it any more than a miscarriage of justice. Mr. Brzezinski, you had an opportunity to file a grievance, didn't you at that time? Under the advice of counsel, I did not, and here's why. They told me that the people- You had an opportunity, but you may have been advised not to, but you did not. They told me to file the EEO. You did not. Yes, ma'am. I was told I'd file either or. Filing both is not, I was told not allowed. So we filed the EEO because that was what the attorneys at the time told me to do. But again, it's currently in violation of constitutional due process. And if it's, like I said, if it's allowed to stand as is, then my property is taken and I have no ability to fight for myself. And all of the notice and opportunity to respond that are granted to all the other precedent cases, I was never granted and there was no way for me to win the EEO because I am fit for duty. Because unfitness results in the same thing. And the process which gets us to fitness versus unfitness was the fitness evaluation, which was not legally or constitutionally sufficient because it's not confrontational. All right, thank you very much. We'll review your papers carefully and get you a decision. I appreciate that. Thank you both. We'll reserve decision and this concludes our calendar for this morning. So the clerk will please adjourn court.